# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| CHRISTINA HILEMAN, AS ADMINISTRATOR TO THE ESTATE OF JEANETTE P. ROBINSON, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:19CV00025 |
| v. | ) ) | **OPINION AND ORDER** |
| CEDAR LAWN INVESTMENTS, LLC D/B/A GRACE HEALTH CARE OF ABINGDON, ET AL. | ) ) ) ) ) | By: James P. Jones United States District Judge |
| Defendants. | ) | |

*Michael E. Large, Large & Associates, Bristol, Tennessee, for Plaintiff; Margaret Fonshell Ward, Downs Ward Bender Hauptmann & Herzog, P.A., Hunt Valley, Maryland, for Defendants.*

This wrongful death action was filed in a Virginia state court on June 3, 2019, and removed by the defendants on July 1, 2019, to this court, based upon diversity of citizenship and amount in controversy. 28 U.S.C. §§ 1332(a)(1), 1441(a). The defendants did not answer before removal. Counsel for the plaintiff asserts by affidavit that the defendants were served on June 18, 2019. According to Federal Rule of Civil Procedure 81(c)(2), an answer by the defendants was due

to be filed no later than July 9, 2019.  On July 11, 2019, the plaintiff filed a Motion for Default Judgment.[1]

On July 12, 2019, the defendants filed an untimely Answer to Complaint, together with an opposition to the Motion for Default, in which they agreed that their Answer was three days late but requested that a default not be granted because, "Plaintiff cannot assert that she has been prejudiced by this slightly delayed filing."  Opp'n to Default Motion 2, ECF No. 8.  No motion has been filed by the defendants under Rule 6(b)(1)(B) for an extension of time to file their Answer.

The entry of a default is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend."  Fed. R. Civ. P. 55(a).[2]  However, a default should not be entered if the defendant has in the meantime indicated its intent to defend the case. *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.,* 840 F.2d 685, 689 (9th Cir. 1988).  This is true even if such intent is shown by a tardy responsive pleading, absence prejudice

---

[1] The plaintiff also filed on the same day a separate pleading entitled Motion *for Entry* of Default Judgment.  ECF No. 6 (emphasis added).

[2] The rules contemplate that the clerk *must* enter a default under these circumstances, Fed. R. Civ. P. 55(a), but in light of the opposition filed by the defendants the very next day, the clerk was justified in not acting before that intent to defend was shown.  Since the plaintiff is not seeking a sum that can be made certain by computation, the clerk was not authorized in any event to enter a default judgment, which was the relief sought by the plaintiff in her motions.  *Id.* at 55(b).

to the opponent. *See Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1317 (11th Cir. 2002). "In the context of a motion to set aside an entry of default, as in other contexts, delay in and of itself does not constitute prejudice to the opposing party." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 418 (4th Cir. 2010). No other prejudice is apparent here.

Accordingly, I will deny the motions for default judgment, conditioned upon the defendants promptly filing a motion consistent with Rule 6(b)(1)(B) seeking an extension of time to file their Answer.

It is so **ORDERED**.

ENTER: August 14, 2019

/s/ *James P. Jones*
United States District Judge